UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOCAL 791, UNITED FOOD AND COMMERCIAL WORKERS UNION, Plaintiff, | :<br>:<br>:<br>: |
| v. | : Civil Action No.<br>: |
| SHAW'S SUPERMARKETS, INC., Defendant. | :<br>:<br>: |

## COMPLAINT

I.   Introduction

1.   This is an action brought by Plaintiff Local 791, United Food and Commercial Workers Union ("Local 791"), under the Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, against Defendant, Shaw's Supermarkets, Inc. ("Shaw's") for violation of the parties' collective bargaining agreements. As set forth below, employees and their dependents are provided dental coverage under the parties' collective bargaining agreements. In mid-May 2009, Shaw's began requiring employees to provide documentation to verify that employees' dependents remained eligible for dental insurance benefits in violation of the terms of the parties' collective bargaining agreements. Local 791 seeks an order requiring Shaw's to cease and desist from this violation and to reinstate denied dependent medical and dental benefits. Local 791 seeks recovery of damages, including the costs to employees associated with providing this documentation verifying dependent status and dental costs incurred by employees as a result of losing insurance coverage for dependents as a result of Shaw's violation. Local 791 also seeks attorneys fees and costs, and any other relief deemed proper by this Court.

II.  Jurisdiction and venue

2.  The jurisdiction of this Court is invoked pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

3.  The venue of this Court is invoked pursuant to 28 U.S.C. § 1391, in that the events or omissions giving rise to this action occurred in this judicial district.

III.  Parties

4.  Plaintiff Local 791, United Food and Commercial Workers Union ("Local 791") is a labor organization within the meaning of section 301. Its principal office is in Easton, Massachusetts. Local 791 is the collective bargaining representative of approximately 6000 employees of Shaw's Supermarkets, Inc.

5.  Defendant, Shaw's Supermarkets, Inc. ("Shaw's") is a supermarket food store chain and an employer within the meaning of section 301. Shaw's principal office is in West Bridgewater, Massachusetts.

IV.  Facts

6.  Local 791 represents Shaw's employees employed at stores located in Southeastern Massachusetts and Rhode Island, a warehouse located in Methuen, Massachusetts, and a warehouse located in Wells, Maine.

7.  Local 791 and Shaw's have at all times relevant to this matter been parties to collective bargaining agreements ("CBAs") covering terms and conditions of employment for employees in certain stores in Massachusetts and Rhode Island and in the Methuen, Massachusetts and Wells, Maine warehouses. The employees in the stores are covered by one CBA (the "Southern Region CBA"). Employees in the Methuen warehouse are covered by another CBA (the "Methuen

CBA"). Employees in Wells warehouse are covered by another CBA (the "Wells CBA") (collectively, "the parties' CBAs").

8.  The parties' CBAs all contain provisions providing employees and their families, including dependents, with dental insurance benefits. These provisions for dental benefits have been in the Southern Region CBAs since at least 1976. These provisions for dental benefits have been in all of the Wells CBAs since the first CBA in 1998 and the Methuen CBAs since the first CBA in 1995.

9.  The current Southern Region CBA and the current Wells CBA are in effect from August 3, 2008 through August 3, 2013. The current Methuen CBA is in effect from March 6, 2006 through March 6, 2010. In all three CBAs, the provisions concerning dental insurance include the following pertinent terms:

> Employees may enroll or may change enrollment in the dental insurance program at hire or eligibility, or within 30 days of a qualified family or employment status change, or during the annual enrollment period established by the Company under the same terms and conditions as non-bargaining unit employees.

10. Over the thirty-plus years that bargaining unit employees have been provided dental benefits under the parties' CBAs, numerous bargaining unit employees have taken advantage of the dental insurance provision and enrolled themselves and their families, including dependents, in the dental insurance program.

11. During the more than thirty years those bargaining unit employees have been provided dental benefits under the parties' CBAs, employees have never been required to provide documentation verifying a dependent's status to participate in this contractual benefit. In particular, from the time that the current CBAs went into effect, and up until mid-May, 2009, bargaining unit employees were not required to provide documentation

verifying dependent status to be eligible for dental insurance for themselves and their families, including dependents, under the CBAs.

12.     Beginning in mid-April, 2009, Shaw's began notifying bargaining unit employees that it would begin conducting an audit regarding dental dependents in May 2009.

13.     Shaw's began violating the terms of the parties' CBAs in mid-May 2009 when it sent out verification instructions and requirements to bargaining unit employees. This notice defined eligible dependents and gave more specific instructions on what documentation the audit required to determine eligibility. Employees incurred significant costs in obtaining copies of this documentation, such as copies of marriage and birth certificates.

14.     In addition, some employees were married in other countries and/or have dependents that were born in other countries, which posed difficulties in obtaining required documentation. Moreover, some employees have biological children but were never married and they had problems establishing dependent status under the rules set by Shaw's.

15.     As a result of Shaw's audit of dependent status eligibility, and the documentation required under the verification process, many bargaining unit employees have been denied dental insurance for their dependents.

16.     As a result of Shaw's improper denial of dental insurance to dependents of bargaining unit employees, many bargaining unit employees have been forced to either forego necessary dental examinations and treatments for their dependents or they have incurred significant dental expenses for their now uninsured dependents.

17. The Southern Region CBA, the Wells CBA and the Methuen CBA all include the following provision in the articles under which dental insurance benefits are included: "Neither the provisions of this Article nor any question as to the application or interpretation of any said programs may be made the subject of a grievance or be arbitrable under this Agreement except disputes concerning determination of employer contribution rates to the Trust which shall be subject to expedited arbitration ."

## COUNT I
## ( 29 U.S.C. § 185)

18. Plaintiff Local 791 incorporates and realleges the allegations of paragraphs 1-17 of the Complaint.

19. Defendant Shaw's is violating bargaining unit employees' rights under the parties' CBAs by instituting a document verification process that has resulted in denying employees dental insurance for their dependents that employees are entitled to under the terms of the parties' CBAs.

WHEREFORE, Plaintiff prays for:

A. An Order requiring Shaw's to cease and desist from its violation of the parties' CBAs;

B. Judgment that Defendant Shaw's is liable to Local 791 and the bargaining unit employees that it represents under the terms of the parties' CBAs for improperly denied dental insurance;

C. Order Defendant Shaw's to reimburse bargaining unit employees for dental expenses that they have incurred as a result of Shaw's violation of the parties' CBAs;

D. An award of reasonable costs and attorney's fees for the prosecution of this suit to be paid by Defendant Shaw's;

  E. Such other and further relief as this Court deems just and appropriate.

         Respectfully submitted,

         UNITED FOOD & COMMERCIAL
         WORKERS UNION, LOCAL 791,

         By its attorneys,

         _s/Terence E. Coles_____
         Terence E. Coles, BBO #600084
         Laurie R. Houle, BBO #645206
         Pyle Rome Ehrenberg P.C.
         18 Tremont Street, Suite 500
         Boston, MA  02108
Dated:  October 19, 2009    (617) 367-7200